UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO JOSE G.,[1] | Case No. 25-cv-04141-JST |
| Plaintiff, | |
| v. | **ORDER ON SOCIAL SECURITY APPEAL** |
| COMMISSIONER OF SOCIAL SECURITY, | Re: ECF Nos. 13, 14 |
| Defendant. | |

Before the Court is Plaintiff's request for judicial review, under 42 U.S.C. § 405(g), of the Social Security Commissioner's denial of his application for disability insurance benefits. The Court will reverse the Commissioner's decision and remand for further proceedings.

## I.    BACKGROUND

Plaintiff filed a claim for disability benefits with an alleged onset date of December 31, 2019, his undisputed last-insured date, and subsequently amended his claimed onset date to August 31, 2019. He claimed disability based on the following conditions: "severe spinal issues; and neck problems; back and neck spasms; left knee; right ankle (gout); swollen finger; anxiety-stressed out; after COVID systems-memory-loss of taste etc[.]; high cholesterol; [and] high blood pressure." AR 79 (citation modified). His claim was denied, denied on reconsideration, and denied following a hearing by an administrative law judge ("ALJ"). The Appeals Council denied review, and Plaintiff timely filed this lawsuit challenging the denial of benefits.

At the hearing before the ALJ, Plaintiff testified that he was in a car accident in August

---

[1] The Court partially redacts Plaintiff's name to mitigate privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

2019, after which his neck and back pain "got worse." AR 52. He further testified that, since the accident, he thought the most weight he could lift would be 10 or 15 pounds; that he had difficulty standing, walking, or sitting for long periods of time; and that he did not think he could stand for more than 20 minutes without taking a break, walk for more than 20 to 30 minutes before needing to rest, or sit for more than 15 or 20 minutes before needing to get up or change positions. *Id.* He also said that he could drive for about half an hour. AR 52–53. He testified that he had no problems going grocery shopping and that he was "independent in terms of [his] personal care, dressing, feeding, [and] bathing." AR 54. He takes prescription pain medication three to five times a week, AR 53, and has acupuncture treatments and physical therapy approximately twice a month, AR 55.

The ALJ determined that Plaintiff "had the following medically determinable impairments: degenerative disc disease of the lumbar and cervical spines, and obesity." AR 23. The ALJ denied benefits after concluding that Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, [he] did not have a severe impairment or combination of impairments," as required for an award of benefits. *Id.*

The ALJ concluded the following:

> The claimant alleges that, after a motor vehicle accident, he experienced neck pain. Ex. B2F at 13. However, the claimant did not seek medical treatment for some four days after the accident. *Id.* Radiological study of the cervical spine performed prior to the date last insured showed only mild degenerative changes. Ex. B2F at 10. A January 2020, magnetic resonance imaging study of the cervical spine showed mostly mild degenerative changes, but there was [sic] "moderately severe" degenerative changes at the level of the sixth and seventh cervical vertebrae, and moderate degenerative changes at the level of the fourth and fifth cervical vertebrae. Ex. B7F at 23. The claimant denied weakness or numbness in the upper extremities and he was diagnosed with a sprain and given ibuprofen with Flexeril to take "as needed." Ex. B2F at 13, 15.

> The claimant complained of lumbar radiculopathy in June 2019. Ex. B3F at 35. The claimant also had a body mass index of 35 during the relevant period. Ex. B2F at 14. However, the claimant declined an injection in favor of oral medication. Ex. B3F at 37. In March 2020, after the date last insured, the claimant presented with a gait imbalance, but also conceded he had been able to ride a bicycle in January 2020. Ex. B7F at 18. The claimant also noted he had

United States District Court
Northern District of California

recurrent back pain from the age of 5, supporting an inference the severity of the condition has not significantly interfered with work. Ex. B7F at 18.

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have reasonably been expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent for the reasons explained in this decision.

There is scant evidence of extensive treatment during the four months under consideration. The claimant was treated for his motor vehicle accident but there is little evidence of any significant physical limitation during the period under consideration. Without speculating from later evidence, there is scant support for a finding of severity.

Based on the foregoing, the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments.

This conclusion is consistent with the opinions of agency consultants who reviewed the record. In June 2022, A. Dipsia, M.D., concluded the claimant did not have a severe impairment prior to the date last insured. Ex. B2A at 6. Also in June of 2022, M. Lin, M.D., concluded there was insufficient evidence from which to draw a conclusion about mental impairments prior to the date last insured. Ex. B2A at 7. In December 2022, J. Pham concluded there was insufficient evidence from prior to the date last insured from which to draw conclusions about the claimant's physical capacities. Ex. B4A at 10. This was also the conclusion of Joshua Boyd, Psy.D., writing in January 2023, regarding mental impairments. Ex. B4A at 11. A statement from a consultant that there is insufficient evidence is not a medical opinion. The opinion of A. Dipsia, M.D., was persuasive as to the period between the amended onset date and the date last insured. The opinion is supported by the doctor's written analysis and expertise in the assessment of physical impairments.

AR 24–25.

## II.   LEGAL STANDARD

As the Ninth Circuit has summarized:

The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act. The burden of proof is on the claimant as to steps one to four. As to step five, the burden shifts to the Commissioner. If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citation modified).

> The five-step process requires the ALJ to determine: (1) whether the claimant is presently working in a substantially gainful activity; (2) whether the claimant's impairment is severe; (3) whether the impairment meets or equals one of a list of specific impairments described in the Social Security Regulations; (4) whether the claimant is able to do any work that he or she has done in the past; and (5) whether the claimant is able to do any other work.

*Maxwell v. Saul*, 971 F.3d 1128, 1130 n.2 (9th Cir. 2020) (citation modified).

Courts "may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097. "Even when the ALJ commits legal error, [courts] uphold the decision where that error is harmless," meaning that "it is inconsequential to the ultimate nondisability determination, or [that] the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation modified).

When considering whether substantial evidence supports the ALJ's decision, courts "review the administrative record in its entire[ty] . . ., weighing evidence that supports and evidence that detracts from the ALJ's determination," *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992), and "leav[ing] it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record," *Treichler*, 775 F.3d at 1098. "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Drouin*, 966 F.2d at 1257 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ." *Id.* at 1258.

Courts may not "affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally." *Pinto v. Massanari*, 249 F.3d 840, 847–48 (9th Cir. 2001).

## III.    DISCUSSION

The ALJ rejected Plaintiff's claims at step two of the five-step process. Plaintiff contends that the ALJ erred in assessing his impairments as non-severe and in failing to provide adequate

4

reasons for rejecting his subjective symptom testimony.  The Court agrees.

The ALJ concluded that Plaintiff's "medically determinable impairments could have reasonably been expected to produce the alleged symptoms" but determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [was] not entirely consistent."  AR 25.  She did not cite any "affirmative evidence that [Plaintiff was] malingering," so she "must provide clear and convincing reasons for rejecting [Plaintiff's] testimony regarding the severity of symptoms."  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  "The clear and convincing standard is the most demanding required in Social Security cases."  *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).  "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)

The ALJ's decision does not meet that standard here.  While she correctly described the medical evidence on which Plaintiff relies, AR 24–25; ECF No. 13 at 7–8, she did not address Plaintiff's testimony regarding his physical limitations—e.g., that he could not walk, stand, or sit for long periods of time—or explain why such testimony would not support a finding of severity. To the contrary, she listed "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling" as examples of "the abilities and aptitudes necessary to do most jobs."  AR 24.  Although she noted that "there is little evidence of any significant physical limitation during the period under consideration," AR 25, "general findings are an insufficient basis to support an adverse credibility determination," *Holohan*, 246 F.3d at 1208. She failed to mention Plaintiff's testimony at all, let alone provide "specific, clear and convincing reasons" for rejecting it.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  "[P]roviding a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (emphasis in original).  The Court "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting" Plaintiff's testimony when she "never identified *which* testimony she found not credible, and never explained *which* evidence contradicted that testimony.  This falls short of meeting the ALJ's responsibility to provide the

5

reason or reasons upon which her adverse determination is based." *Id.* at 494–95 (citation modified) (emphasis in original). Without such reasoning, the Court is unable "to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler*, 775 F.3d at 1103. Accordingly, the Court reverses the Commissioner's decision to deny benefits.

The Court will remand the matter for further proceedings. "Usually, if additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (citation modified). This is not a case in which "it is clear from the record that a claimant is entitled to benefits" such that it would be appropriate to remand "with instructions to calculate and award benefits." *Id.*

<strong>CONCLUSION</strong>

For the reasons discussed above, the Court reverses the Commissioner's decision denying Plaintiff's claim for disability benefits and remands the case for further proceedings. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 11, 2026



JON S. TIGAR
United States District Judge